```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-24393-Civ-SEITZ
                                     (05-20399-Cr-SEITZ)
                              MAGISTRATE JUDGE P. A. WHITE
RALPH CURRY,                :

       Movant,              :
                                          REPORT RE DISMISSAL
v.                          :              OF §2255 MOTION
                                            AS TIME-BARRED
UNITED STATES OF AMERICA,   :

       Respondent.          :
_____
```

## I   INTRODUCTION

Ralph Curry, a federal prisoner, has filed a *pro se* Motion to Vacate, pursuant to 28 U.S.C. §2255 (Cv:DE5), asserting 5 grounds as an attack on his judgment and sentence in case 05-20399-Cr-Seitz. The Motion Cv:DE5 is dated 12/19/12. As explained below, however, for purposes of this Report, Curry's §2255 Motion will be treated as having been filed on 10/12/12, because his initial pleading (Cr:DE75; Cv:DE1) which resulted in the opening of this case, was tendered for mailing by prison officials on that date.

The Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

On 10/12/12 Movant Curry submitted for filing a document bearing Case No. 05-20399-Cr-Seitz, captioned "Motion for Resentencing Instanter." It was docketed in the criminal case on 10/16/12 (Cr:DE75). In the criminal case, an Order was entered on 10/30/12 (Cr:DE76) requiring a response by the government. Then, on 12/13/12, the "Motion for Resentencing Instanter" was docketed as an initial pleading in the instant civil case, wherein it was treated as a Motion to Vacate pursuant to 28 U.S.C. §2255 (Cv:DE1). After a 12/20/12 Motion for Clarification by the government in the criminal case (Cr:DE78), an Order was entered on 1/2/13 (Cr:DE80)

instructing the government to respond to the Motion by 1/11/13. Meanwhile, in this case, Curry moved to withdraw his "Motion for Resentencing Instanter" and announced that "in it's place I'm applying to file a 28 U.S.C. §2255 which is fully briefed on the merits." (Motion to Withdraw, Cv:DE4, dated 12/19/12, docketed 12/26/12). With the Motion Cv:DE4 seeking to Withdraw Cv:DE1, Curry submitted a new pleading drafted on the standard form for a Motion to Vacate pursuant to 28 U.S.C. §2255 (Cv:DE5), and he submitted a Memorandum (Cv:DE6), both dated 12/19/12. An Order was entered in this case, requiring Movant Curry to file a Response addressing the timeliness of his §2255 Motion (Order Cv:DE9, 12/28/12). Thereafter, the Order Cr:DE80 from the criminal case [granting clarification, and in pertinent part directing the government file its response in the civil matter] was docketed in this case on 1/2/13 (at Cv:DE11). An enlargment of time for the government to Respond to the Motion to Vacate was granted (Motion for Extension, Cv:DE14; Order, Cv:DE15). The Government's Response to Curry's §2255 Motion to Vacate was filed on 2/11/13 (Cv:DE17), with Exhibits attached (A copy of a Motion by Curry to Dismiss his direct appeal Cv:DE17-1; Trial Transcripts at Cv:DEs 17-2 to 17-5; and Sentencing Transcript at Cv:DE17-6). Movant Curry's Response to the Court's Order Cv:DE9 was docketed on 2/5/13 (Cv:DE16).

For reasons discussed below, the government in its Response (Cv:DE17) correctly argues that the §2255 Motion was not timely filed within the 1-year AEDPA limitation period.

## II    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for filing §2255 motions. Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

2

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2255(f).

Ordinarily, in a case like Curry's, the AEDPA limitations period would run from the date on which Movant Curry's conviction became final. See 28 U.S.C. §2255(f)(1). Curry was sentenced on 11/9/05 (Cr:DE55), and his judgment was entered on 11/10/05 (Cr:DE56). Through counsel [his Assistant Federal Public Defender], Curry filed a Notice of Appeal on 11/16/05. A motion to withdraw, and for appointment of substitute counsel was filed on Curry's behalf (Cr:DEs 66, 67), and was granted (Order Cv:DE68, 1/11/06). Curry subsequently, through appointed CJA counsel, filed with the Eleventh Circuit Court of Appeals [in Case 05-16436-AA] a Motion to Dismiss Appeal With Prejudice, dated 2/28/06, after Curry expressly stated to CJA counsel via letter and telephonic communication, that it was his wish to voluntarily dismiss his appeal, after giving thought to his decision. (See Exhibit, Cv:DE17-1). On 3/31/06, the Eleventh Circuit's Order dated 3/27/06, granting Curry's Motion to Withdraw Appeal With Prejudice, was docketed (Cr:DE71).

Treating Curry's judgment as having become final, not 14 days after entry of his 11/10/05 Judgment [as would be the case if he had taken no appeal],[1] but rather upon expiration of the 90-day period during which *certiorari* review with the United States Supreme Court could have been sought, his Judgment then would be deemed to have become final 90 days after the Eleventh Circuit's 3/27/06 Order Dismissing Appeal With Prejudice (Cr:DE71).[2]

---

[1] The Courts have held that where a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11 Cir. 1999). In 2009, the time for filing a direct appeal was increased from 10 to 14 days after the judgment is entered, but it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See Fed.R.App.P. 4 and 26. Under that rubric, if Curry had taken no appeal, his judgment, under the 2009 "14-day" formula, would have become final on Tuesday, November 23, 2005, 14 days after his Judgment was entered on the docket. Here, where an appeal was filed on Curry's behalf, but dismissed, the finality of his judgment is not calculated in the same manner as would be the case for a defendant who had taken no appeal whatsoever.

[2] While the conviction of a defendant who takes no direct appeal becomes final when the period for appealing has expired [10 days before 2009, exclusive of intervening weekends; and 14 days thereafter, including weekends], see Adams v. U.S., 173 F.3d 1339, 1342 n. 2 (11 Cir.1999); Mederos v. U.S., 218 F.3d 1252, 1253 (11 Cir.2000); Fed.R.App.P. 4(b) (1)(A)(I) and 4(b)(6); Fed. R.App.P. 26; the conviction of a federal defendant who appealed, becomes final only after the appellate court's ruling is entered, and the 90 day period for seeking certiorari review in the Supreme Court has expired, or when certiorari is denied [if a petition for certiorari was filed]. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); Close v. U.S., 336 F.3d 1283 (11 Cir.2003); U.S. v. Kaufmann, 282 F.3d 1336 (11 Cir.2002); Sup.Ct .R. 13. Here, although the Eleventh Circuit has not addressed the issue of when a conviction becomes final if a federal defendant's direct appeal is voluntarily dismissed, it appears that Movant Curry's judgment should be treated as having become final 90 days from the date [3/27/06] when his appeal was voluntarily dismissed. Reasoned District Court decisions in this Circuit, in the §2255 and 2254 contexts, suggest that it is correct to treat a district court judgment, followed by voluntary dismissal of a direct appeal, as being final 90 days after the voluntary dismissal [the time by which the appellant must have sought a petition for writ of certiorari if he had wished to do so]. See U.S. v. Reed, Nos. 3:08cr20/MCR, 3:09cv576/MCR/EMT, 2011 WL 2038627, at *3-4 (N.D.Fla., Apr.4, 2011)(case in which Magistrate Judge, in a reasoned report, noted that an argument that a defendant who voluntarily dismisses his appeal should have no reason to file a petition for writ of certiorari, was not the same as saying the defendant was legally foreclosed from doing so. Accordingly the Judge concluded that the §2255 Movant Reed's conviction

Assuming Curry's "Judgment" was "entered" when the Eleventh Circuit on 3/27/06 issued its Order dismissing his appeal, then that judgment would be deemed to have become "final" 90 days later on 6/26/06, upon expiration of the period during which Curry could have sought *certiorari* review in the Supreme Court. Accordingly, any Motion to Vacate his judgment and sentence would have had to be filed within 1 year of 6/26/06, i.e., by Wednesday, 6/27/07.

Curry's Motion to Vacate (Cv:DE5) is deemed filed on 12/19/12, the day it was signed; but his "Motion for Resentencing Instanter" (Cv:DE1) is deemed filed on 10/12/12, the day it was signed, and that earlier date [10/12/12] is the one which will be used to measure whether Curry's §2255 Motion was timely filed. Well over 1 year passed between the presumed date of finality of Curry's judgment (6/27/07) and the filing of his 10/12/12 pleading (Cv:DE1) which initiated this §2255 action, making his motion untimely.

Curry, however, disavows having learned that his Appeal was dismissed at the time that the Eleventh Circuit's 3/27/06 Order was entered [despite the fact that the dismissal was upon his own instruction, and despite the fact that the Motion to Withdraw Appeal contains a certificate of service indicating that a copy of the Motion was sent to Ralph Curry and other interested parties upon its filing (Motion, Cv:DE14-1 p.3]. In his Memorandum attached to his §2255 Motion (Memo, Cv:DE6 p.5), Curry states that it was in August of 2010 that he learned his appeal was dismissed. Taking

---

did not become final until the 90 day period for his filing a petition for writ of certiorari expired. Cf Brandon v. McNeil, 2009 WL 559530, at *3-4 (N.D.Fla., Mar.4, 2009) (stating it appears that generally a petitioner does in fact have ninety days to file a petition for writ of certiorari in the United States Supreme Court after a dismissal of a direct appeal in that the dismissal is deemed a judgment); Chapman v. McNeil, No. 3:08cv5/LAC/EMT, 2008 WL 2225659, at *1 (N.D.Fla., May 28, 2008) (adopting report and recommendation which concluded that a state conviction become final, for AEDPA purposes, 90 days after the state appellate court granted prisoner's motion for voluntary dismissal of his appeal).

that assertion as true, for purposes of the current analysis, Curry's §2255 Motion is still untimely. Ignoring the fact that the circumstances do no reflect due diligence on Curry's part [where he himself -- on or before 2/28/06 -- instructed CJA counsel to have his appeal dismissed], it appears that the date when Curry states he became aware that the appeal was dismissed should be used. See Atkins v. United States, 204 F.3d 1086, 1089 (11 Cir.2000)(2255 is subject to equitable tolling where a movant's motion was untimely because of circumstances that are both beyond his control, and avoidable even with due diligence).

Assuming, Curry knew of the dismissal of his appeal by the last day of August 2010, and, if in an abundance of caution, it is also assumed *arguendo* that he should be credited with entitlement to a 90-day period from then in which to have sought *certiorari* review with the U.S. Supreme Court, he would have had until Monday, 1/31/11 to do so. If 1/31/11, then, is taken to be the starting point for the running of the 1-year AEDPA limitation period, Curry's §2255 petition would have had to be filed by Tuesday, 1/31/12. Even under that liberal interpretation, Curry's Motion to Vacate would still be untimely by more than 9 months, because this §2255 action is deemed to have been "filed" by Curry on 10/12/12.

It is therefore apparent Movant Curry's §2255 Motion to Vacate was not timely filed, and is subject to dismissal as time-barred.

### III   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."

A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. §2255 Rule 11(b).

Here, it is apparent that Movant cannot make a substantial showing of the denial of a constitutional right. §2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The Movant shall therefore make any argument as to whether a Certificate should issue by objections to this Report and Recommendation.

## IV CONCLUSION

It is therefore recommended: (1) that this Motion to Vacate (Cv:DE1, Cv:DE5) be dismissed as time-barred; (2) that this case be CLOSED; and (3) that the Court deny a certificate of appealability upon entry of its final order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: August 26th, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ralph Curry
    Reg. No. 65172-004
    FCC - Coleman (Low)
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 1031
    Coleman, FL 33521

    Alexandra Hui, AUSA
    U.S. Attorney's Office
    99 N.E. 4th Street, Suite 626
    Miami, FL 33132-2111